UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMARCUS MORTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-108-HAB-SLC |
| OLMSTEAD, | |
| Defendant. | |

OPINION AND ORDER

Demarcus Morton, a prisoner housed at the St. Joseph County Jail, filed a complaint against Warden Olmstead. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As an initial matter, Morton indicates he wishes to bring a class action lawsuit, but it would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without

counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted).

Turning to Morton's individual allegations, he asserts that, since January 2024, inmates have had to share fingernail clippers and they are not cleaned between uses. Morton notes that this is of particular concern for Muslim inmates, but he does not indicate that he is Muslim.

Morton also alleges that inmates were provided with tablets that they could use to communicate with family, and the number of phones available was reduced after the tablets were distributed. On January 17, 2024, the tablets were taken, and the reduced number of phones has been inadequate to meet the needs of the 26 inmates on Morton's unit. "Not every wrong committed under color of law, however, is offered redress by the Constitution[.]" *Leslie v. Doyle*, 125 F.3d 1132, 1138 (7th Cir. 1998). "There is, of course, a *de minimus* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977). Having only three phones for 26 inmates may be inconvenient, but it does not rise to the level of a constitutional violation.

Morton also notes that the tablet provided access to helpful legal research materials that are not available in the law library. Prison officials, however, are entitled to "wide-ranging deference" in their day-to-day operations of a correctional facility. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Although the jail may not deny an inmate access to all legal materials, they are permitted to determine when and under what circumstances

2

the inmate accesses those materials. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). There is no constitutional right to possess the tablet that Morton previously used or to access legal materials on that tablet.

This complaint does not state a claim for which relief can be granted. If Morton believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Demarcus Morton until **March 22, 2024**, to file an amended complaint; and

(2) CAUTIONS Demarcus Morton if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 23, 2024.

s/ Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT
